UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMONA PEETE,

        Petitioner,        Case 2:23-cv-10137
                                        Hon. Sean F. Cox

v.

UNITED STATES,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

This is a habeas case filed under 28 U.S.C. § 2241 by former federal prisoner Ramona Peete. Peete is currently serving a 3-year term of supervised release from her 2016 Central District of Illinois conviction. Peete claims that under the First Step Act (FSA), 18 U.S.C. 3632(d)(4)(C), she is entitled to a 12-month reduction in her period of supervised release, but the Bureau of Prisons (BOP) failed to grant her FSA credits. (Petition, ECF No. 1, PageID.2-4.) The Court will dismiss the petition because Peete has not exhausted her administrative remedies.

I.

In April 2015, Peete was charged in a 14-count indictment in the Central District of Illinois with conspiracy to submit false claims to the IRS, 18 U.S.C. § 286, mail fraud, 18 U.S.C. § 1341, and aggravated identity theft. 18 U.S.C. § 1028A.

(*See United States v. Peete*, No. 15-cr-10027, ECF No. 11, at 12-13 (C.D. Ill.)). Pursuant to a plea agreement, Peete later pled guilty to conspiracy and aggravated identity theft. (*Id.,* ECF No. 11.) Peete was sentenced to 37 months' imprisonment for the conspiracy, a consecutive 24 months' imprisonment for the identity theft, and 3 years of supervised release. Peete was also ordered to pay restitution in the amount of $517,087.40. (*Id.*, ECF No. 23.) Peete began serving her 61-month term of imprisonment in October 2016, and she was placed on supervised release on February 8, 2021.

Two weeks after she started her period of supervised release, Peete's supervision was transferred from the Central District of Illinois to the Eastern District of Michigan. (*See United States v. Peete*, No. 21-cr-20118, ECF No. 2 (E.D. Mich.)).

II.

Peete claims that from the effective date of the FSA on December 21, 2018, until her release on February 8, 2021, she was entitled to but denied FSA sentencing credits by the BOP for her participation in activities and programing while in BOP custody. She claims that the FSA credits entitle her to a 12-month reduction to her term of supervised release. *See* 18 U.S.C. § 3632(d)(4)(C) ("Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in

prerelease custody or supervised release.") Peete indicates that she has not attempted to present her claim to the BOP "because currently she is not in BOP custody and further there is no explicit statutory exhaustion requirement for section 2241 petitions." (Petition, ECF No. 1, PageID.1.)

A federal prisoner is required to exhaust administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981).

A district court may *sua sponte* summarily dismiss a § 2241 petition for failure to meet the exhaustion requirement where the failure to exhaust is apparent on the face of the pleading itself. *See Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Whitley v. Horton*, No. 20-1866, 2020 WL 8771472, *2 (6th Cir. Dec. 11, 2020) (denying a certificate of appealability where the district court summarily dismissed a § 2254 petition on exhaustion grounds); *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, *1 (6th Cir. July 17, 2017) (citing *Jones, Corey v. Daniels*, 626 F. App'x 414, 415 (4th Cir. 2015).

The BOP maintains an extensive administrative remedy procedure "through which an inmate may seek formal review of a complaint which relates to any aspect of [her] imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. Pursuant to this administrative procedure, a prisoner who seeks

3

administrative review of a complaint concerning the BOP must apply to the warden or community corrections manager, to the Regional Director, and to the Office of General Counsel for relief. *See Mazzanti v. Bogan*, 866 F. Supp. 1029, 1032 (E.D. Mich. 1994)(citing 28 C.F.R. §§ 542.11, 542.13, and 542.15).

Furthermore, 28 C.F.R. § 542.10 states that the administrative remedy program "applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, *and to former inmates for issues that arose during their confinement*." (emphasis added). The exhaustion requirement thus applies to former inmates like Peete because the administrative remedy program applies to former prisoners for issues which arose during their confinement. *Covell v. Scibana*, 21 F. App'x 291, 293 (6th Cir. 2001)(citing 28 C.F.R. § 542.10); *Fleming v. Dir. Bureau of Prisons*, No. 22-CV-10080, 2022 WL 982233, 2022 U.S. Dist. LEXIS 59321 (E.D. Mich. March 30, 2022) (prisoner on supervised release required to exhaust administrative remedies before pursuing § 2241 relief on claim that denial of First Step Act credits entitled him to reduced term of supervised release.)

Because it is clear on the face of her petition that Peete failed to exhaust her administrative remedies, her petition will be dismissed. *See e.g. Gates-Bey v. U.S. Parole Com'n*, 9 F. App'x 308, 310 (6th Cir. 2001).

4

III.

Accordingly, **IT IS ORDERED** that:

(1) The Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

(2) A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

Dated: February 13, 2023                    s/Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge